# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE BELK,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | 1:09cv74 GSA<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Document 10) |

Plaintiff Maria Guadalupe Belk ("Plaintiff") filed the instant action on January 9, 2009. On July 21, 2009, Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b). Defendant argues that the Complaint is untimely. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge.[1]

**BACKGROUND**

On November 30, 2007, an Administrative Law Judge issued a decision denying Plaintiff's claim for benefits under Titles II and XVI of the Social Security Act. Declaration of Errol Sperling ("Sperling Dec."), ¶ 3, Exh. 1. Plaintiff appealed the action. On October 30, 2008, the Appeals Council denied her request for review. Id. In the Notice of Action, the Appeals

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. Plaintiff filed her consent on January 26, 2009. Defendant filed its consent on March 23, 2009.

1

Council notified Plaintiff that she had 60 days to file a civil action, and the 60 days start to run the day after she receives the Notice. Using these dates, Plaintiff had until January 5, 2009, to file her civil action.[2] Plaintiff did not request an extension of time to file a civil action. Plaintiff filed this action on January 9, 2009.

Defendant filed the instant motion to dismiss on July 21, 2009. Plaintiff filed an opposition on July 27, 2009. Defendant did not file a reply. On October 8, 2009, this Court issued an order requiring that Plaintiff file additional briefing and supplemental documentation within five (5) days. Plaintiff did not respond to the Court's order.

## DISCUSSION

A.   Motion To Dismiss Standards

Fed. R. Civ. P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the Court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publ'g Co. v. Gen. Tel.& Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).

A Fed. R. Civ. P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not

---

[2] Pursuant to 42 U.S.C. § 405, the only permitted civil action on a claim arising under Title II or Title XVI of the Social Security Act is to review the "final decision of the [Commissioner] made after a hearing" and which must be "commenced within 60 days after mailing to [the claimant] notice of such decision." 20 C.F.R. § 422.210 further provides that a civil action, such as the instant action, "must be instituted **within 60 days** after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . ." (Emphasis added.) The regulation further provides "the date of receipt of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *McCall v. Bowen*, 832 F. 2d 862 (5th Cir. 1987) (Citing 20 C.F.R. § 422.210©).

be granted unless it appears beyond doubt that plaintiff can prove no set of facts to support the claim to entitle him to relief.  See *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  When a federal court reviews the sufficiency of a complaint, before the reception of any evidence, either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

B.      Analysis

   *1. Untimely Complaint*

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.   No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g).  Section 405(g) and (h)  therefore operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner.  *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987).  Because the time limit set forth in 42 U.S.C. § 405(g) is a condition on the waiver of sovereign immunity it must be strictly construed.  *Bowen v. City of New York*, 476 U.S. at 479. *See also*, *See Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of commissioner for untimely filing of one day).

In opposition to the Motion to Dismiss, Plaintiff argues that the Court should excuse the untimeliness based an excusable neglect.  Specifically, Plaintiff's counsel argues that the

Complaint was prepared and filed well in advance of the filing date, but that it was not filed electronically. In support of the opposition, Plaintiff's counsel has submitted the declaration of Evelyn Ulloa, an employee at the attorney's office.[3] Declaration of Evelyn Ulloa dated July 23, 2009, attached as Exhibit A to "Plaintiff's Opposition to Motion to Dismiss." Doc. 11. In the declaration, Ms. Ulloa indicates that she attempted to file the Complaint on December 31, 2008, but had erroneously sent it to the United States District Court, Central Division in Los Angeles, California ("the Los Angeles District Court") rather than the United States District Court, Eastern District of California, in Fresno, California ("Fresno District Court"). *Id.* Ms. Ulloa indicates that the Los Angeles District Court would not file the Summons and Complaint in and the documents were returned to the attorney's office on January 2, 2009. However, the law office was closed on January 2, 2009, which delayed the submission of the Summons and Complaint. *Id*.

Ms. Ulloa indicates that she did not attempt to file the Summons and Complaint again until January 6, 2009, when she served a Summons and Complaint and a declaration on the Fresno District Court requesting that the filing be accepted nunc pro tunc. *Id*. Ms. Ulloa indicates that on January 7, 2009, she received a phone call from the Fresno District Court indicating that the Complaint was being rejected because it was not filed electronically. *Id*. Ms. Ulloa indicates that she was told that the Court would file it but that the attorney may face a sanction for doing so. *Id*. On January 8, 2009, Ms. Ulloa stated that she attempted to file the Summons and Complaint electronically but had difficulty doing so and she got very little help from the Fresno's Clerk's office. *Id*. She was finally able to file the Summons and Complaint electronically on January 9, 2009, four days after the filing deadline.

The Court determined that the declaration submitted raised more questions than it answered. For example, Ms. Ulloa indicated that the server attempted to return the documents that were erroneously submitted to the Los Angeles District Court to the attorney's office on January 2, 2009, but the attorney's office was closed. It is unclear from the declaration when Ms. Ulloa received the documents back from the Central District of California. It is also unclear

---

[3] It is not clear what position Ms. Ulloa holds at the law firm as this information is not contained in the declaration.

why Ms. Ulloa did not attempt to file the documents again until January 6, 2009.  Moreover, although Ms. Ulloa submitted a declaration, she did not attach any supporting documentation either from the various courts where the documents were purportedly filed and rejected, or any evidence from the server that attempts were made to file the documents at the courts as alleged.

Accordingly, the Court ordered that Plaintiff provide additional documentation including another declaration from Ms. Ulloa addressing the concerns outlined above.  The Court also noted that Plaintiff had not cited to any cases in support of her claims that the court should excuse the late filing based on excusable neglect.  The Court gave Plaintiff an additional five days to submit the supplemental information and briefing.  To date, Plaintiff has not responded to the Court's order, nor has she requested an extension of time to do so.

*2. Equitable Tolling*

Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to 20 C.F.R. §§ 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.  *Bowen v. City of New York,* 476 U.S. at 479-482.  In *Bowen*, the Plaintiffs were prevented from filing because of "the Government's secretive conduct."  *Bowen v. City of New York*, 476 U.S. at 481.  In *Vernon*, Plaintiff had allegedly been told by an employee of the Social Security Administration that the deadline would be extended.  *Vernon v. Heckler*, 811 F. 2d at 1275.

Plaintiff has not made any arguments based on equitable tolling, nor does this case present circumstances that meet the equitable tolling requirements.  Here, the circumstances surrounding the submission of the Complaint to the Los Angeles District Court are unclear.  Similarly, there is no explanation why Ms. Ulloa waited to file the Complaint after she was notified by the Los Angles District Court on December 31, 2008, that the Court would not accept the Complaint.  Although Ms. Ulloa indicates that she attempted to file the Complaint in Fresno, she did not do so until January 6, 2009, which is still one day past the January 5, 2009 filing deadline.  Hence, Plaintiff's attorney's representation that the Complaint was not timely filed because it was not electronically filed is not accurate.

A review of the facts demonstrates this is not one of the "rare" cases such as *Bowen v. City of New York*, "in which the equities of tolling are compelling." *Bowen v. City of New York,* 476 U.S. at 480-481. Additionally, there is no evidence of misleading conduct by the Commissioner that interfered with Plaintiff's attempt to exercise her right of appeal. *Vernon v. Heckler*, 811 F. 2d at 1278. Accordingly, this Court rejects Plaintiffs arguments that the Court should excuse the untimely filing based on excusable neglect. Inasmuch as the instant Complaint was filed more than sixty days after the receipt of the Secretary's final determination, the action is barred by the sixty-day statute of limitations set forth in 42 U.S.C. § 405(g).

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is GRANTED. The Clerk is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:   **November 5, 2009**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE